ZACK v. GANS et al.

(Supreme Court, Appellate Term.    April 8, 1911.)

1. EVIDENCE (§ 441*)—PAROL EVIDENCE—BUILDING CONTRACT.
   In an action for the compensation called for by a building contract, plaintiff cannot show that it was agreed when the contract was made that certain items called for by the specifications should be omitted.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2030–2047; Dec. Dig. § 441.*]

2. EVIDENCE (§ 468*)—BUILDING CONTRACTS—PAROL EVIDENCE—CONSTRUCTION.
   In an action for the compensation provided for in a contract for alterations to a building, plaintiff offered to show that defendants asked if the job could not be done for less than plaintiff had bid, in reply to which plaintiff suggested the omission of a water tank on the roof, to which defendants said that that would be satisfactory if the department would be satisfied. The contract as executed called for the tank, which was not built, and provided that substantial performance would be satisfactory to the owners, if satisfactory to departments and architects. Held, that evidence of the conversation as to the omission of the tank, if admissible at all, was competent only to aid in construing the phrase "substantial performance," and to show whether the omission of the tank was a failure in that regard.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2147; Dec. Dig. § 468.*]

3. CONTRACTS (§ 322*)—BUILDING CONTRACTS—PERFORMANCE—EVIDENCE.
   In an action for the compensation provided for in a contract for alterations to a building, plaintiff undertook to prove "substantial performance" to the satisfaction of the departments, which, under the contract, was to be satisfactory to the owner. There was concededly a violation on record against the premises for lack of a water tank on the roof called for by the contract, to meet which plaintiff offered a letter from the department stating that an inspector had reported that the water supply was sufficient without a roof tank, and that the department would "approve the amendment of June 20, 1910, to omit the tank." Held insufficient to show satisfaction of the department; there being no showing that the amendment referred to did not require a substitute for the tank, or that it had ever been complied with.
   [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 322.*]

4. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.
   The admission of evidence of an architect as to the custom of the building department without any showing that the witness was familiar with the regulations of that department was harmless error, where the effect of his testimony was entirely · destroyed by a concession subsequently made by the party offering the witness.
   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1052.*]

5. CONTRACTS (§ 322*)—BUILDING CONTRACT—PERFORMANCE—ADMISSIONS.
   Where a building contract provided that for all payments an architect's certificate should first be obtained, "said certificate in no way lessening the full and final responsibility of the architect," while a payment of $500, which under the contract was not due till completion and acceptance, might be regarded as an admission that the work was completed, it is not conclusive where it is shown that the contractor has not in fact completed his contract.
   [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 322.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
    128 N.Y.S.—47

Action by Morris Zack against Emil Gans and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Jacob I. Berman, for appellants.

Isaac S. Heller (C. S. Lorentzen, of counsel), for respondent.

LEHMAN, J. [1] Plaintiff sues for $275, being the amount unpaid under a contract made by him with the defendants for certain alterations to premises owned by the defendants. The defendants claim that under plaintiff's pleading he cannot show substantial performance, but must be held to proof of strict performance. This contention is not tenable. The plaintiff is claiming under a contract. The contract itself provides that the plaintiff shall perform "all work according to plans and specifications; it being agreed by the owners that substantial performance of the contract shall be satisfactory to them if satisfactory to departments and architects." The plaintiff is therefore entitled to payment under the contract itself upon proof that he has substantially performed to the satisfaction of the municipal departments and the architect.

In my opinion the plaintiff has failed to furnish such proof. The plaintiff has apparently failed to perform the contract in several minor details, but the omission of these details is perhaps insufficient to prevent a recovery under the contract. He has, however, omitted totally to furnish and set a 1,400-gallon tank on the roof as required by the specifications. The cost of this tank is $94, and apparently the cost of setting it in place would be $149. The plaintiff claims that he originally offered to do the work for $2,100, and the owners asked him whether it could not be done cheaper. Plaintiff then suggested that the tank be omitted, and one of the defendants said: "If the department is satisfied, I will be satisfied." If this evidence was admitted to show that the parties intended to strike out the provision for a tank in the specifications, it is, of course, incompetent. [2] If competent for any purpose, it can be considered only for the purpose of aiding the court in construing the words "substantial performance," and enabling the court to hold that these words covered a performance of the work, even though this item of the specifications were omitted.

[3] The plaintiff must still, however, prove as part of his case that the architect and the building department were satisfied as required by the contract in case of substantial performance. He has proven that the architect, who is confessedly unfriendly to the defendants, is satisfied, but there is no dispute that there is a violation on record against the premises on account of the omission. To meet this proof, the plaintiff has introduced in evidence a letter purporting to be from the tenement house department, which states "that the inspector reports that the water supply is adequate without a roof tank and the department will therefore approve the amendment of June 20th, 1910, to omit the tank." Aside from the technical objection that the signature of the commissioner is unproven, the letter is valueless, since it does not show that the amendment of June 20, 1910, required no

substitute for the tank, nor that the amendment has been complied with.

[4] Without first showing that he was acquainted with the rules and regulations of the building department, the architect was permitted to testify that it was contrary to the custom of the building department to remove a violation until all the specifications of the violation have been complied with, and that the violation against these premises contains other specifications besides the omission of the tank. This testimony, even if the proper foundation had been laid, is entirely nugatory in view of the fact that defendants' attorney thereafter stated to the court:

"I have the witness from the building department. I could probably get a concession that that violation that I have offered in evidence is still open, and that the case has been sent to the corporation counsel for attention. The building violation as to there being no tank. That there is a violation against these premises."

After some discussion between the attorneys, the defendants' attorney then stated without objection:

"It is conceded that the violation is still a record in the building department, and it has been referred to the corporation counsel. I want to show that the case is in the hands of the corporation counsel to enforce the penalty against our clients because that has been omitted."

The court thereupon said: "Never mind."

[5] The plaintiff's attorney claims that in any event the defendants have admitted that the job is complete and accepted by making a payment of $500 which under the terms of the contract was to become due only "when the job is complete and accepted." The defendants, however, claim that this payment was made under protest, and upon plaintiff's promise to remedy all the defects. In any event, however, the contract itself provides that for all payments the certificate shall be obtained from and signed by the architect to the effect that under the terms of the contract the payments are properly due; "said certificate in no way lessening the full and final responsibility of the contractor." Even if the payment of the $500 is to be regarded in some sense as an admission that the work was completed, the admission was not conclusive and is overcome by the proof that the plaintiff had not in fact completed his contract.

It follows that the judgment should be reversed and a new trial granted, with costs to appellants to abide the event. All concur.